[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11200

Non-Argument Calendar

_____

EDWARD L. OSBORNE, I
as Successor Personal Representative &
Trustee-In-Fact of the Estate of Ruth W. Ott
and Edward Ott,

                                                    Plaintiff-Appellant,

*versus*

PNC BANK,
as succcessor entity to National Bank of Commerce,
YOUNG BOOZER,
State Treasurer, in his individual capacity,
TONY S. ALLEN,

2                      Opinion of the Court                      24-11200

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cv-00207-AMM

_____

Before JORDAN, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Edward Osborne appeals the district court's order granting Appellee's motion to dismiss Osborne's complaint alleging that Alabama statutes prohibiting the State Treasurer, Young Boozer, from paying Osborne interest on unclaimed property resulted in an unconstitutional taking and violated his procedural due process rights under both the United States and Alabama Constitutions. Osborne's complaint named Boozer only in his individual capacity, and the district court found that Boozer was entitled to qualified immunity and dismissed Osborne's federal claims. Neither Appellee PNC Bank, as successor to a prior bank, nor Appellee Tony Allen, trust representative and investment advisor, are parties to this appeal because Osborne asserted only state law claims against them. After reviewing the record and reading the parties' briefs, we affirm the district court's order.

**I.**

Although the defense of qualified immunity is typically considered at the summary judgment stage, a party may raise it for consideration on a motion to dismiss. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). Generally, it is proper for the district court to grant a motion to dismiss on qualified immunity grounds when the "complaint fails to allege the violation of a clearly established constitutional right." *Id.* We generally review *de novo* a district court's order granting a motion to dismiss. *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). Because qualified immunity is a question of law, we also review it *de novo*, and our review is limited to the four corners of the complaint. *St. George*, 285 F.3d at 1337.

## II.

Boozer, as Alabama State Treasurer, is responsible for administering the Alabama Uniform Disposition of Unclaimed Property Act (the Act). *See* Ala. Code §§35-12-70 et seq. The Act directs the Treasurer on procedures to handle property received by the Treasurer after it is deemed abandoned. The Act creates a statutory presumption of abandonment of property that is unclaimed by the apparent owner over a defined time period. *See id.* § 35-12-72(c). After the claimant makes a report of the property to the Treasurer, the claimant is entitled to "the property or the net proceeds of a sale of the property." *Id.* §35-12-83(c). The Act further states that when property is presumed abandoned, "any other property right accrued or accruing to the owner as a result of the interest, and not previously presumed abandoned, is also presumed abandoned." *Id.* §35-12-72(b). Moreover, the Act states that

"[w]hen property is paid or delivered to the Treasurer under this article, the owner is not entitled to receive interest." *Id.* §35-12-83(c).

Osborne originally filed suit in state court seeking a declaratory judgment pursuant to 42 U.S.C. §1983 that Boozer's failure to pay the claim for Ruth Ott's (his grandmother's) property was an unconstitutional taking under the United States Constitution. Osborne also alleged that PNC Bank and Allen failed to terminate the Otts' trust (Ruth Ott and her husband Edward J. Ott) in a proper manner and, as a result, some of the trust assets escheated to the State. The co-defendants PNC Bank and Tony Allen removed the case to the federal district court, and Boozer consented to the removal, stating that he did not waive his sovereign immunity from liability. After receiving sufficient information establishing Osborne's entitlement to the Otts' unclaimed property, Boozer paid Osborne the claim in full. Osborne then amended his complaint to challenge Boozer's failure to pay interest on the unclaimed property, arguing that the Alabama statutes that prohibited Boozer from paying interest on the unclaimed property resulted in an unconstitutional taking and violated his due process rights under both the Alabama and the United States Constitutions. Osborne's complaint named Boozer only in his individual capacity.

Osborne moved for a temporary restraining order and preliminary judgment seeking an order from the district court preventing Boozer from moving any alleged interest on the subject unclaimed property into the State's general fund. After conducting

a hearing on the motion, the district court denied the motion. Later, the district court granted Boozer's motion to dismiss Osborne's federal claims, finding that Boozer was entitled to qualified immunity. The district court declined supplemental jurisdiction over Osborne's state law claims, and later remanded those claims back to state court. Osborne timely filed a notice of appeal of the district court's order granting Boozer's motion to dismiss.

### III.

On appeal, Osborne contends that the district court erred in granting the Appellees' motion to dismiss because Boozer was not entitled to qualified immunity.[1] We conclude, based on the record, that the district court properly dismissed Osborne's federal claims against Boozer in his individual capacity because Boozer was entitled to the defense of qualified immunity.

The qualified immunity doctrine protects an official from liability unless at the time the official supposedly committed the wrongful act, the law "was already established to such a high

---

[1] Osborne also asserts official-capacity claims against Boozer on appeal, but these claims are deemed abandoned because Osborne alleged only individual claims against Boozer in the district court, and he failed to argue that the district court erred in construing his complaint to assert only individual capacity claims. Even if Osborne had not abandoned these claims, they are barred by sovereign immunity and they fail for lack of standing. Eleventh Amendment immunity bars any claims to enjoin an ongoing violation by Boozer in withholding interest because an injunction against him would requirement payment from the State's treasury. *See Seminole Tribe of Fla. v. Fla. Dep't of Revenue*, 750 F.3d 1238, 1244-45 (11th Cir. 2014) (when prospective relief is the "functional equivalent of money damages," sovereign immunity bars the claim).

degree that every objectively reasonable [official] . . . would be on notice that what he was doing was clearly unlawful given the circumstances." *Powell v. Snook*, 25 F.4th 912, 920 (11th Cir.) (internal quotation marks omitted), *cert. denied*, ___ U.S. ___, 143 S. Ct. 110 (2022). For qualified immunity to apply, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). "A government official acts within his discretionary authority if his actions were (1) undertaken pursuant to the performance of his duties and (2) within the scope of his authority." *Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017).

When the public official establishes that he was acting within the scope of his discretionary authority, the plaintiff then has the burden to show that qualified immunity does not apply. *Storck*, 354 F.3d at 1314. To make this showing, the plaintiff must establish that the defendant violated a constitutional right that was clearly established. *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019). An official's conduct violates clearly established law when the plaintiff shows that (1) there is a materially similar decision of the Supreme Court, of this court, or the supreme court of the state in which the case arose, or (2) that "a broader, clearly established principle should control the novel facts" of the case, or (3) that the case is a rare one that fits within the exception of conduct which is so obvious that it violates the constitution and does not necessitate a prior case so stating. *Powell v. Snook*, 25 F.4th at 920 (internal quotation marks omitted).

24-11200                Opinion of the Court                7

We conclude here that Osborne cannot meet his burden to show that qualified immunity does not apply. First, the record supports the district court's finding that Boozer was acting within his discretionary authority in dealing with the unclaimed property. Next, to meet his burden, Osborne must show that the law clearly establishes that Osborne has a property interest protected by the Fifth and Fourteenth Amendments. *See Checker Cab Operators, Inc. v. Miami-Dade Cty.*, 899 F.3d 908, 917 (11th Cir. 2018) ("To state a Takings claim under federal law, a plaintiff must first demonstrate that he possesses a property interest that is constitutionally protected." (internal quotation marks and alterations omitted)). To the contrary, Alabama law clearly states that Osborne does not have a protectible property interest in the interest accrued on the Otts' property. *See* Ala. Code § 35-12-83(c) ("When property is paid or delivered to the Treasurer under this article, the owner is not entitled to receive interest, thereafter."). *See also Texaco, Inc. v. Short*, 454 U.S. 516, 530, 102 S. Ct. 781, 792-93 (1982) (regarding mineral interests, the Court stated that there is no takings claim when the State deems property abandoned after its owner fails to take reasonable actions imposed by law to claim the property and stating that "it follows that [] after abandonment, the former owner retains no interest for which he may claim compensation").

We further conclude that the district court properly held that Osborne's procedural due process claim fails. Like the takings claim, Osborne's procedural due process claim requires a protectible property interest, which is not present. A claim alleging a denial of procedural due process under the Fourteenth Amendment

"requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Alabama law is clear that Osborne does not have a procedurally protected property right to the interest that he seeks. This statutory denial of the right to interest on unclaimed property is reasonable under *Texaco* because it is received by the State due to the owner's neglect in failing to comply with statutory requirements for continued ownership. *See Texaco*, 454 U.S. at 530, 102 S. Ct. at 792-93; *see also* Ala. Code §§ 35-12-72(a), (b).

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing, based on qualified immunity, Osborne's 42 U.S.C. §1983 federal complaint against Boozer in his individual capacity.

**AFFIRMED**.